# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK TAYLOR, | Civil Action No. 18 – 514 |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| LAWRENCE MAHALLY, PA ATTORNEY GENERAL, and WESTMORELAND COUNTY DISTRICT ATTORNEY'S OFFICE, | |
| Respondents. | |

## MEMORANDUM AND SHOW CAUSE ORDER

Before the Court is a Petition for Writ of Habeas Corpus filed by Frederick Taylor ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Westmoreland County on September 9, 2010.

It appears to the Court that the Petition is subject to dismissal under AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). Respondents incorrectly addressed the AEDPA statute of limitations in their Answer calculating the one-year to run from the date Petitioner's PCRA action became final. That is the incorrect calculation.[1] Petitioner's

---
[1] The statute of limitations is set out in 28 U.S.C. § 2244(d) and must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction

1

judgment of sentence became final on December 26, 2011, which was 90 days after his Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Absent any tolling of the statute of limitations, Petitioner had one year from that date, or until December 26, 2012, to file his Petition for Writ of Habeas Corpus. It appears that his one-year statute of limitations expired before he filed his first PCRA petition on March 27, 2013.

Nevertheless, the Court may raise the issue *sua sponte* as long as Petitioner is given fair notice and an opportunity to respond and is not prejudiced. Day v. McDonough, 547 U.S. 198, 205-10 (2006); United States v. Bendolph, 409 F.3d 155, 161-70 (3d Cir. 2005) (en banc). *See also* Wood v. Milyard, — U.S. — , 132 S.Ct. 1826, 1834 (2012). This Memorandum gives him the required notice. Pursuant to the attached Order, both parties are provided with the opportunity to set forth their positions regarding the statute of limitations.[2] Petitioner in particular must show cause why his claims should not be dismissed for failure to meet the statutory deadline.

Unless Petitioner can demonstrate in his response to the Court's show cause order that AEDPA's limitations period commenced for any of his claims on a date set forth in §

---

or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

[2] Respondents should address Petitioner's claim that he is actually innocent of the crimes for which he was found guilty. This is so because the United States Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or [] . . . expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

2244(d)(1)(B)-(D) and/or that equitable tolling[3] or the fundamental miscarriage of justice exception applies during the relevant time period, this Court will dismiss the Petition as untimely.

An appropriate Order follows.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

---

[3] The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. See also United States v. Thomas, 713 F.3d 165, 174-75 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. Apr. 5, 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK TAYLOR, | ) | |
| | ) | Civil Action No. 18 – 514 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| LAWRENCE MAHALLY, PA ATTORNEY GENERAL, and WESTMORELAND COUNTY DISTRICT ATTORNEY'S OFFICE, | ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

## **ORDER**

AND NOW, this 21st day of June, 2018;

IT IS HEREBY ORDERED that, on or before July 20, 2018, Petitioner may file a response to this Court's Memorandum and show cause why his claims should not be dismissed for failure to file them within the one-year limitations period. On or before that same date, Respondents may submit a response setting forth their position.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Frederick Taylor
MR-9688
SCI Dallas
1000 Follies Road
Dallas, PA 18612

Counsel for Respondents
(Via CM/ECF electronic mail)