## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK TAYLOR,         )
                                  )     Civil Action No. 18 – 514
            Petitioner,     )
                                  )
          v.                )     Magistrate Judge Lisa Pupo Lenihan
                                  )
LAWERENCE MAHALLY, PA    )
ATTORNEY GENERAL and      )
WESTMORELAND COUNTY     )
DISTRICT ATTORNEY'S OFFICE, )
                                  )
         Respondents.    )

## <u>MEMORANDUM OPINION</u>[1]

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Frederick Taylor ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 1.) He challenges his judgment of sentence entered by the Court of Common Pleas of Westmoreland County on September 9, 2010 following his jury convictions for three counts each of robbery, theft by unlawful taking, receiving stolen property, and simple assault, as well as one count each of escape and resisting arrest.[2] For the reasons set forth herein, claims 3, 5 and 6 in the Petition

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. *See* ECF Nos. 10, 12 & 22.

[2] These convictions stemmed from charges at four separate cases that were consolidated for trial. *See* <u>Commonwealth v. Taylor</u>, Nos. CP-65-CR-5082-2008, CP-65-CR-5084-2008, CP-65-CR-5085-2008, CP-65-CR-307-2009 (Westmoreland Cty. Ct. of Comm. Pleas).

will be dismissed because they are not cognizable; claims 1, 4 and 7 will be dismissed as

untimely; and claim 2 is relevant only to the extent that it is considered in assessing whether

Petitioner can overcome the untimeliness of claims 1, 4 and 7, otherwise it is not cognizable.

**A.  Procedural History**

The underlying facts and procedural history of this case were set forth on direct appeal by

the Superior Court of Pennsylvania in its Memorandum dated June 1, 2011.  They are as follows.

> [Petitioner] robbed three convenience stores in the Greensburg area of
> Westmoreland County over the course of a week in April 2008.  During each of
> the robberies, [Petitioner] wore dark clothing and a hood, pretended to make a
> purchase at the counter, and then used a gun to demand money from each cashier.
> [Petitioner]'s girlfriend at the time and co-defendant, Kayla Christner, drove the
> getaway car in each instance.  After one of the robberies, police recovered a black
> T-shirt from the crime scene that later tested positive for [Petitioner]'s DNA.
> While in custody on the robbery charges, [Petitioner] complained of severe head
> and chest pains.  Police took [Petitioner] to Westmoreland Hospital for medical
> assistance and after the hospital staff conducted various tests, [Petitioner] fled.
> Police pursued [Petitioner] over three fences and finally subdued him by taser.
>
> The Commonwealth consolidated the separate criminal informations for
> trial.  [Petitioner] motioned to sever the cases and the trial court denied relief.
> Following a five-day trial, a jury convicted [Petitioner] of the aforementioned
> charges.  On September 9, 2010, the trial court sentenced [Petitioner] to an
> aggregate term of incarceration of 20 to 40 years.

(ECF No. 15-14, pp.3-4.)  The Superior Court affirmed Petitioner's judgment of sentence on

June 1, 2011 (ECF No. 15-14), and the Pennsylvania Supreme Court denied his petition for

allowance of appeal on September 27, 2011 (ECF No. 15-15).

On March 27, 2013, Petitioner filed a petition for post-conviction relief pursuant to

Pennsylvania's Post-Conviction Relief Act ("PCRA").  *See* (ECF No. 15-2, p.20.)  The PCRA

petition was denied on July 24, 2013, id., and the Superior Court affirmed the denial of post-

conviction relief on July 24, 2014 (ECF Nos. 15-7, 15-16).  His petition for allowance of appeal

was denied by the Pennsylvania Supreme Court on January 26, 2015.  (ECF Nos. 15-8, 15-17.)

Petitioner filed a second PCRA petition on July 20, 2016.  *See* (ECF No. 15-2, p.24.)  It was denied on February 28, 2017, id., p.25, and the Superior Court affirmed the denial of post-conviction relief on January 3, 2018 (ECF Nos. 15-6, 15-18).

At the earliest, Petitioner filed his Petition in this case on March 11, 2018, the date that he signed it. [3]  (ECF No. 1.)  It was filed in the Middle District of Pennsylvania and transferred to this Court on April 20, 2018.  (ECF Nos. 5, 6.)  Respondents' Answer to the Petition was filed on June 21, 2018.  (ECF No. 15.)

After reviewing the Petition and the Respondents' Answer, this Court entered a Memorandum and Show Cause Order on June 21, 2018.  (ECF No. 16.)  In the Memorandum, the Court *sua sponte* raised the issue of untimeliness and informed Petitioner that he would be given the opportunity to respond given the Respondents' failure to correctly calculate the statute of limitations in their Answer.  Accordingly, Petitioner was ordered to show cause by July 20, 2018, why his claims should not be dismissed for failure to file them within the one-year statute of limitations.  Respondents were also allowed to file a response setting forth their position on or before that date.

Petitioner subsequently moved for and was granted an extension of time to show cause until September 20, 2018.  (ECF Nos. 17, 18.)  He moved for and was granted another extension of time to show cause until September 28, 2018.  (ECF Nos. 19, 20.)  No response was ever received.

Over a year later, on November 26, 2019, Petitioner filed correspondence with the Court stating that he never received the Respondents' Answer in this case.  (ECF No. 24.)  In an Order

---

[3] This is the filing date pursuant to the prison mailbox rule.  *See* Houston v. Lack, 487 U.S. 266 (1988).

dated December 9, 2019, the Court stated that it was "baffled as to why Petitioner waited over a year to inform the Court that he never received a copy of the Respondent's Answer."  (ECF No. 24.)  Nevertheless, the Court mailed him a copy of the Answer and *sua sponte* granted him another extension of time by which to file his response, until January 6, 2020.  Id.  A response was docketed on January 10, 2020.  (ECF No. 25.)  However, the response does not address the statute of limitations issue raised by the Court in its June 21, 2018 Memorandum.

### B.  Petitioner's Claims

Petitioner raises seven claims in his Petition:  (1) actual innocence, (2) newly discovered evidence (in the form of an affidavit) which demonstrates his actual innocence; (3) denial of due process because the PCRA court failed to adhere to Pennsylvania law governing post-conviction petitions, (4) prosecutorial misconduct for knowingly eliciting false testimony, (5) ineffective assistance of PCRA counsel for failing to raise claims asserting trial and direct appeal counsel's ineffectiveness, (6) denial of due process because the PCRA court failed to properly construe newly discovered evidence claims, and (7) ineffective assistance of trial counsel for failing to move to dismiss the charges after the primary witness's testimony was contradicted by physical evidence.  Although his first claim alleges actual innocence, it appears to be more properly construed as a claim asserting insufficient evidence as Petitioner states in that claim that he is innocent because he was not identified by any of the victims and not seen on video surveillance. Accordingly, it will be construed as such.

### C.  Discussion

#### 1.  Claims 3 and 6

In claims 3 and 6, Petitioner attributes error on the part of the PCRA court for failing to adhere to state law governing post-conviction petitions and for failing to properly construe his

4

claims asserting newly discovered evidence. Even though these are alleged violations of state law, he claims that the PCRA court's actions violated his federal constitutional right to due process.

The federal habeas statute, 28 U.S.C. § 2254, authorizes a federal court to grant a writ only where a state holds a petitioner in its custody in violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As the Supreme Court has recognized, the Constitution does not compel states to provide a post-conviction mechanism for seeking relief. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)). As such, federal courts have held that a claim concerning state post-conviction proceedings is simply not cognizable as a claim in federal habeas proceedings. *See* Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum for Lambert to pursue claims of error at the PCRA proceeding."); Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation . . . . Federal habeas power is 'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'"); *see also* Word v. Lord, 648 F.3d 129, 131 (2d Cir. 2011) (agreeing with numerous other circuits, including the Third Circuit, who have concluded that errors in state post-conviction proceedings do not provide a basis for redress under 28 U.S.C. § 2254). Therefore, claims 3 and 6 will be dismissed as not cognizable because they do not implicate federal law.

    **2.  Claim 5**

In claim 5, Petitioner argues that his PCRA counsel was ineffective for failing to raise claims asserting trial and direct appeal counsel's ineffectiveness.  Notably, Petitioner does not specify what ineffective assistance of counsel claims he wished for his PCRA counsel to raise and the only claim in his Petition challenging the effectiveness of either his direct appeal or trial counsel is claim 7.

Nevertheless, a stand-alone claim challenging PCRA counsel's effectiveness cannot be a ground for relief in a federal habeas proceeding.  In this regard, 28 U.S.C. § 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  "[M]ost naturally read, § 2254(i) prohibits a court from granting substantive habeas relief on the basis of a lawyer's ineffectiveness in post-conviction proceedings."  Martel v. Clair, 132 S. Ct. 1276, 1287 n.3 (2012); *see also* Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012).  As such, this claim will be dismissed because it is not cognizable.

### 3.  Claims 1, 4 and 7

Claims 1, 4 and 7 in the Petition appear to be time-barred.  In this regard, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review.  It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any equitable tolling should be applied on the facts presented or whether the petitioner has asserted and satisfied the fundamental miscarriage of justice exception.

Here, the "trigger date" for claims 1, 4 and 7 is the date that Petitioner's judgment of sentence became final by the conclusion of direct review.[4]  In this case, Petitioner's judgment of sentence was affirmed on direct appeal on June 2, 2011, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 27, 2011.  Since Petitioner did not seek further review by filing a petition for writ of certiorari in the United States Supreme Court, his judgment of sentence became "final" 90 days later, on December 26, 2011, when the time for filing such a petition expired.  *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).  Accordingly, absent any tolling, Petitioner had one year from that date, or until December 26, 2012, to file a timely federal habeas petition.  His Petition, however, was not filed until March 11, 2018.  As such, it was not timely filed.

The Court will next consider the second inquiry, whether any portion of the one-year limitations period should be tolled.  Pursuant to section 2244(d)(2), the one-year limitations period is tolled during the pendency of a petitioner's "properly filed" state post-conviction proceedings.  In this case, however, Petitioner did not file his first PCRA petition until March 27, 2013, which was almost three months after the AEDPA's one-year statute of limitations expired. Therefore, there was no time left on the statute of limitations clock to "toll".

Having failed to meet the AEDPA's one-year statute of limitations, the Petition can only be saved by application of the doctrine of equitable tolling or the fundamental miscarriage of

---

[4] These claims do not involve newly enunciated constitutional rights and the facts supporting them are not newly discovered.  Additionally, Petitioner does not argue that a state-created impediment prevented him from filing his application for habeas relief in a timely manner. Therefore, the "trigger date" for these claims is provided for in § 2244(d)(1)(A).

justice exception.  With regard to the miscarriage of justice exception to AEDPA's statute of limitations, the United States Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . ."  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  However, the Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  As alleged in claim 2, Petitioner claims that he has newly discovered evidence which demonstrates his actual innocence.  As such, he appears to invoke the miscarriage of justice exception.

Respondents provided the Court with the evidence of which Petitioner claims proves his innocence, which is an affidavit from an alleged eyewitness to the crimes charged in one of Petitioner's underlying cases.  (ECF No. 15, p.11.)  In it, the affiant states that he is "an eyewitness to the actual innocence of [Petitioner], as it relates to his conviction [at] CP-65-CR-0005082-2008, (Robbery charges and related charges)."  Id.  He also states that he "was willing and available to testify under oath at [Petitioner]'s trial, but the District Attorney never returned [his] calls or letter.  And his trial Counsel never came to interview [him], or take [his] statement."  Id.  Finally, he states that "[n]o investigator ever came to see [him], even though [he] was on [his] way in the store, during the robbery at 'Co-GOS' in 2008."  Id.

This evidence was considered by the PCRA court and by the Superior Court on appeal following the dismissal of his PCRA petition.  However, the Superior Court found that Petitioner had "failed to demonstrate that the eyewitness could not have been discovered through the exercise of due diligence at the time of his trial[,]" and "fail[ed] to set forth the factual basis of

the witness's testimony or show that the witness's testimony would exonerate him."  (ECF No. 15-16, p.4.)

First, it is noted that the affiant stated that he was an eyewitness to the crimes charged at CP-65-CR-5082-2008, and that this was the robbery at Co-Gos.  However, the sentencing transcript from Petitioner's sentencing hearing reveals that the crimes charged at CP-65-5082-2008 stemmed from a robbery at 711, not Co-Gos.  Instead, the crimes stemming from the robbery at Co-Gos were brought at CP-65-CR-307-2009.  *See* (ECF No. 15-13, pp.6-8, 27, 32-35.)  Notwithstanding this discrepancy, the miscarriage of justice exception to the statute of limitations applies only where "new evidence shows it is more likely than not that no juror would have convicted" the petitioner, McQuiggin, 569 U.S. at 394-95, and the affidavit by the alleged eyewitness falls far short of meeting this demanding standard.  The only factual information in the affidavit relevant to the crime is a statement by the affiant that he was on his way into the store during the robbery.  Although this alleged eyewitness may have provided relevant information during the investigation, Petitioner has not sufficiently demonstrated how the witness's testimony would have exonerated him,[5] especially in light of the evidence of his guilt that was presented at trial.  As set forth in the Superior Court's opinion on direct appeal from Petitioner's judgment of sentence:

> All three robberies occurred within a five-mile radius.  The first occurred on April 26, 2008; the other two robberies ensued just four days later, on April 30, 2008, and just hours apart from one another.  Co-defendant drove [Petitioner] to each location.  [Petitioner] entered each store wearing a hood, requested an item for purchase, brandished a gun, and demanded money from the individual clerks.

---

[5] For example, the alleged eyewitness does not state that he saw another individual commit the robbery or that he was with Petitioner when the robbery occurred.  Furthermore, for the reason already stated, it is not even clear to which robbery this individual was an eyewitness.

* * * *

>        As stated *supra*, the Commonwealth presented evidence that co-defendant
> drove [Petitioner] to each of the three robbery locations and that he intended to
> rob them.  Also as previously mentioned, [Petitioner] demanded money from each
> of the three store clerks at gunpoint.  The clerk's involved in the first two
> robberies identified [Petitioner] at trial.  The jury also saw video surveillance
> footage from those robberies.  Further, police also recovered a black T-shirt from
> the scene of the first robbery and submitted it to the Pennsylvania State Police
> Crime Lab for DNA analysis.  Results indicated that [Petitioner] had worn the
> shirt.  In addition, the clerk from the second robbery identified [Petitioner] from a
> police photo array shortly after the incident.  In the first robbery, [Petitioner] took
> $165.00 and a pack of cigarettes.  In the second robbery, he absconded with
> $50.00.  In the third robbery, [Petitioner] took a pack of cigarettes and $25.00.
> Each of the clerks testified that they were afraid that [Petitioner] would shoot
> them.

(ECF No. 15-14, pp.8, 12-13) (internal citations omitted).  Accordingly, Petitioner has not

satisfied the fundamental miscarriage of justice exception.

Finally, to the extent Petitioner intended claim 2 in the Petition to be a stand-alone actual

innocence claim, such a claim is not cognizable, and, even if it were, the evidence submitted is

not sufficient to establish his actual innocence.  *See* McQuiggin, 569 U.S. at 384 ("The Court has

not resolved whether a prisoner may be entitled to habeas relief based on a freestanding actual-

innocence claim[.]") (citing Herrera v. Collins, 506 U.S. 390, 404-05 (1993); *see also* Reeves v.

Fayette SCI, 897 F.3d 154, 160 n.4 (3d Cir. 2018) (explaining the difference between gateway

actual innocence claims and freestanding claims of actual innocence, which "are assessed under

a more demanding standard" to the extent that they are cognizable).

### D.  **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for

appellate review of a district court's disposition of a habeas petition.  As provided for in 28

U.S.C. § 2253, "[a] certificate of appealability may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.  Petitioner has not made the requisite showing in these circumstances.  Accordingly, a certificate of appealability will be denied.  A separate order will issue.

      Dated:  June 2, 2020.

                                        Lisa Pupo Lenihan
                                        United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


FREDERICK TAYLOR,          )
                                     )     Civil Action No. 18 – 514
             Petitioner,   )
                                     )
            v.                  )     Magistrate Judge Lisa Pupo Lenihan
                                     )
LAWERENCE MAHALLY, PA   )
ATTORNEY GENERAL and      )
WESTMORELAND COUNTY     )
DISTRICT ATTORNEY'S OFFICE, )
                                     )
            Respondents. )


## <u>ORDER</u>

**AND NOW**, this 2nd day of June, 2020;

**IT IS HEREBY ORDERED** that claims 3, 5 and 6 in the Petition for Writ of Habeas

Corpus (ECF No. 1) are dismissed as they are not cognizable; claims 1, 4, and 7 in the Petition

are dismissed as untimely; and claim 2 in the Petition is considered only to the extent Petitioner

asserts it to overcome the untimeliness of claims 1, 4 and 7, otherwise it is also dismissed as not

cognizable.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of

Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules

of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by

Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge


Cc:     Frederick Taylor
        MR-9688
        SCI Dallas
        1000 Follies Road
        Dallas, PA  18612

        Counsel of record
        (Via CM/ECF electronic mail)

14